# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SELLARS ABSORBENT MATERIALS, INC.,**
      Plaintiff,

    v.                                       Case No. 11-CV-00400

**SUSTAINABLE TEXTILE GROUP, LLC, et al.,**
      Defendants.

## DECISION AND ORDER

I summarized the facts of the present case in my April 2, 2012 order granting plaintiff's motion for summary judgment. Before me now is plaintiff's motion for attorney's fees and costs and defendants' objections.

In my April 2 order, I found defendants Sustainable Textile Group, LLC, Sustainable Solutions, Inc., Strateline Industries of Arkansas, LLC, Circle 360, LLC, S-Line Capital, LLC, and Kenneth Mourton (collectively "the first group of defendants") jointly and severally liable for re-payment of a loan made under a supply/license agreement. I also found defendants Karyen Joy Nunn, TIG Ventures, LLC, and Nunn Holdings, LLC (collectively "the second group of defendants") jointly and severally liable for repayment of a loan made under a promissory note. These loans are worth over $320,000. I ordered defendants to give plaintiff possession of the assets securing each loan and to reimburse plaintiff for its reasonable collection costs, including attorney's fees. Under the fee-shifting provisions of the contracts, the defendants liable for each loan are jointly and severally liable for plaintiff's collections costs. Plaintiff requests $33,161.39 in collection costs from the first group of defendants, and $65,142.52 in collection costs from the second group. Plaintiff

calculated its attorney's fees using the "lodestar" method, multiplying the total number of hours spent litigating by its attorney's normal, hourly rate.

Whether a party is entitled to costs and attorney's fees under a contract is a substantive issue governed by state law, but the method of quantifying costs and fees is a procedural issue which in diversity cases is governed by federal law. Metavante Corp. v. Emigrant Sav. Bank, 619 F.3d 748, 774 n.21 (7th Cir. 2010). A contractual fee-shifting clause contains an implied requirement that the fees sought be "commercially reasonable," meaning that a party's aggregate costs must be reasonable in light of the stakes of the case and the opposing party's litigation strategy. Matthews v. Wis. Energy Corp., Inc., 642 F.3d 565, 572 (7th Cir. 2011).

It is unnecessary to conduct a line-by-line review of plaintiff's attorney's bills. It has been obvious from the start that defendants have financial problems, and that as a result plaintiff had an incentive to minimize its legal fees. "[W]here there are market incentives to economize [legal expenses], there is no occasion for a painstaking judicial review." Metavante Corp., 619 F.3d at 775 (quoting Taco Bell Corp. v. Continental Casualty Co., 388 F.3d 1069 (7th Cir. 2004)). Thus, I will not address each of the line-item objections raised in defendants' briefs. I will consider only the substance of defendants' objections.

First, defendants contend that plaintiff's attorney over-litigated a simple case. I disagree. While the case should have been simple, defendants made it complicated by disputing all of plaintiff's claims no matter how clearly well-founded they were. Defendants filed lengthy briefs advancing meritless defenses such as lack of consideration, unconscionability, and economic duress. Thus, the time plaintiff's attorney spent on this case was reasonable.

Second, defendants object to plaintiff's attorney's hourly rate contending that plaintiff should have engaged a collection or foreclosure attorney instead of its regular counsel. However, plaintiff's use of its regular attorney, a partner in a large law firm with a billing rate of $485 per hour, was reasonable. This was not a routine debt collection case, and defendant made it clear that it would make plaintiff's attorney's job difficult. Thus, it made sense for plaintiff to turn to a trusted and experienced attorney.

Third, some of the defendants in the first group object that they are being improperly billed for work done on claims against other defendants in the same group. For example, Kenneth Mourton objects to being held liable for the cost of suing Circle 360, LLC for collection of the debt owed under the supply/license agreement. These claims are without merit because the defendants in the first group are jointly and severally liable for plaintiff's collection costs. To collect the loan under the supply/license agreement, plaintiff had to bring suit against all of the defendants in the first group.

Fourth, the first group of defendants claim that they cannot be billed for the cost of responding to the motion to intervene filed by SSI Holdco, Inc., one of defendants' other creditors. SSI Holdco, Inc. intervened because it has a security interest in some of the same assets as plaintiff, and plaintiff had to respond to the motion to intervene in order to successfully prosecute its own claims against defendants. Thus, the cost of responding to the motion to intervene is part of plaintiff's reasonable collection costs.

Finally, the first group of defendants object to being billed for time plaintiff's attorney spent investigating the history of the relationship between defendant Nunn and Martyn Davis, who works for plaintiff. They argue that this relationship is irrelevant to claims under the supply/license agreement. I disagree. Nunn is the principal owner of Circle 360, LLC,

one of the defendants liable for the loan under the supply/license agreement, and she and Davis worked together to draft the terms of that agreement. Therefore, the history of their business relationship is relevant to the interpretation of the contract.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for attorney's fees [DOCKET # 81] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2012.

<u>s/ Lynn Adelman</u>
LYNN ADELMAN
District Judge